GRABER, Circuit Judge,
concurring in part and dissenting in part:
I agree with the majority that the district court erred in granting summary judgment to Plaintiff on the claims related to the Red Hawk Casino Mark. Accordingly, I concur in that part of the judgment. But I disagree with the majority as to the claims related to the Tribal Marks. I would affirm as to those claims. Accordingly, I dissent from that part of the judgment.
Summary judgment for the Tribe is appropriate on the trademark claim with respect to the Tribal Marks. Defendant has registered for a fictitious business name in the Tribe’s name, leading to a proof of publication that he was doing business under the Tribe’s name; he received a business license in the Tribe’s name; he *712 opened bank accounts in the Tribe’s name; he received an employer identification number from the IRS in the Tribe’s name; he registered domain names using variations on the Tribe’s name; he criminally attempted to divert the Tribe’s mail to his own address; he called a Berkeley museum about efforts by the Tribe to repatriate tribal artifacts; he represented himself as “the chief of the Shingle Springs Band of Miwok Indians” and told the museum’s repatriation coordinator not to continue her contacts with the Tribe; and his website invites visitors to email him with any “Enrollment Questions.” In my view, those actions — the fact of which are not disputed by Defendant — are highly likely to cause confusion because governmental entities and members of the public would be confused about whether Defendant represents the federally recognized tribe. See Comm. for Idaho’s High Desert, Inc. v. Yost (CIHD), 92 F.3d 814, 823 (9th Cir.1996) (“The acts that the individual appellants performed included the formation of the appellant corporation under the name ‘Committee for Idaho’s High Desert, Inc.’ and Hoffman’s testimony — under the title of president of CIHD, with the intent ‘to add to his credibility as an environmentalist’ — at a U.S. Air Force hearing in favor of an air force training range in southern Idaho____[TJhese acts would be sufficient to render the individual appellants liable under [the Lanham Act] for using in commerce, in connection with services, a name which is likely to confuse.” (emphasis added) (citations omitted)).
For related reasons, summary judgment for the Tribe also is appropriate on the cybersquatting claim with respect to the Tribal Marks. See 15 U.S.C. § 1125(d)(l)(B)(i)(V) (permitting a court to consider, when determining bad faith, “the intent to tarnish or disparage the mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site” (emphasis added)).
In summary, I would affirm the district court’s grant of summary judgment on the claims related to the Tribal Marks and reverse the district court’s grant of summary judgment on the claims related to the Red Hawk Casino Mark. I therefore concur in part and dissent in part.